Case 4:25-cv-02016   Document 23   Filed on 07/08/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OMAR AWAD MOQBEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | Civil Action No. H-25-2016 |
| § | |
| TRUIST BANK, § | |
| § | |
| Defendant. § | |
| § | |

## ORDER

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 13); Defendant's Motion to Strike (Document No. 21); and *Pro Se* Plaintiff's Motion for Reconsideration of Court's Order on Plaintiff's Motion for Leave to File a Second Amended Complaint Out of Time (Document No. 22). Having considered each motion, accompanying submissions, and applicable law, the Court determines that the defendant's motion to dismiss should be granted, and the remaining motions should be denied as moot.

## I. BACKGROUND

This is a matter arising under the Fair Credit Reporting Act. *Pro se* Plaintiff Omar Awad ("Moqbel"), alleges that Defendant Truist Bank ("Truist") wrongfully repossessed his Dodge Ram 3500 truck from a tow yard in 2019 without providing Moqbel proper notice. Moqbel further alleges that Truist wrongfully reported the

repossession on Moqbel's credit reports, and further failed to correct the allegedly inaccurate information, damaging Moqbel's credit and causing him emotional distress.

Based on the foregoing, in April 2025, Moqbel filed suit *pro se* in small claims court in Harris County, Texas, alleging a violation of the Fair Credit Reporting Act ("FRCA").[1] On May 5, 2025, Truist removed this matter to this Court based on federal question jurisdiction, and moved to dismiss Moqbel's initial complaint pursuant to Rule 12(b)(6). On May 16, 2025, Moqbel filed his first amended complaint, the operative complaint in this matter, alleging claims for breach of contract, defamation, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[2] On May 30, 2025, Truist filed a motion to dismiss Moqbel's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels

---

[1] *See Plaintiff's Small Claims Court Petition*, Document No. 1, Exhibit D at 2.

[2] *See Plaintiff's First Amended Complaint*, Document No. 6

and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Truist move to dismiss Moqbel's causes of action, contending Moqbel fails to state any claim upon which relief can be granted. Truist further contends that dismissal is proper because: (1) each of Moqbel's claims are time-barred by the applicable corresponding statute of limitations; (2) Moqbel's claims fail to plausible plead sufficient facts to substantiate each claim; and (3) Moqbel's defamation claim is preempted by the FCRA. In response, Moqbel contends that: (1) his claims are not

3

time barred based on the tolling discovery rule; and (2) the Court should consider his second amended complaint, which the Court denied leave to file on June 12, 2025. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will first consider, in turn, each claim Truist contends should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A. Moqbel's Breach of Contract Claim

Truist contends that Moqbel's breach of contract claim is time barred, noting for the Court the applicable statute of limitations for breach of contract claims in Texas is four years. *See* Tex. Civ. Prac. & Rem. Code § 16.051. A review of the record shows that Moqbel's claim for breach of contract accrued in 2019, the year Moqbel disputed the repossession that appeared on his credit report. Thus, pursuant to the statute of limitations outlined in the Texas Code, Moqbel was required to file his claim in 2023 at the latest. Truist notes for the Court that Moqbel did not initiate this lawsuit until April 14, 2025, two years after the limitations period had already expired. In response, Moqbel contends that the four-year limitations period to bring his claim is "tolled by the discovery rule," as damages were not fully apparent until credit denials occurring in 2024.[3] On balance though, a review of the record shows that Moqbel discovered, or reasonably should have discovered, the injury he

---

[3] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss First Amended Complaint*, Document No. 17 at 4–5.

sustained in 2019 after realizing his credit report had been materially altered based on the repossession of his vehicle alleged herein. Accordingly, the Court finds that tolling the statute of limitations for Moqbel's breach of contract claim is inapplicable in the present matter, and the claim is thus time barred.[4] The Court will now consider Moqbel's defamation claim.

### B. Moqbel's Defamation Claim

Truist contends that Moqbel's defamation claim is time barred, noting for the Court the statute of limitations for defamation claims in Texas is one year. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a) (claims for defamation must be filed "not later than one year after the day the cause of action accrues"). In response, Moqbel contends that the statute of limitations is tolled by "ongoing harm" and Truist's failure to act after the initial dispute back in 2019.[5] Considering the Fifth Circuit's clear guidance that "[a] defamation cause of action accrues on the date the alleged defamatory matter is published," the Court finds that Moqbel knew that a credit report was issued in 2019, and thus, would have been aware at the time of the adverse damage to his credit that his defamation claim had accrued. *Judy Chou Chiung-Yu*

---

[4] Considering the Court's finding that Moqbel's breach of contract claim is time-barred, the Court need not consider Truist's arguments related to the factual sufficiency of Moqbel's pleading related to his breach of contract claim.

[5] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss First Amended Complaint*, Document No. 17 at 6.

*Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 366 (5th Cir. 2011). Accordingly, the Court finds that Moqbel's defamation claim is time barred.[6] The Court will now consider Moqbel's claim brought pursuant to the DTPA.

### C. Moqbel's DTPA Claim

Truist contends that Moqbel's DTPA claim is precluded by a two-year statute of limitations. *See* Tex. Bus. & Com. Code § 17.565 (Texas DTPA claims must be brought "within two years after the date on which the false, misleading, or deceptive act or practice occurred"). Truist contends that Moqbel's DTPA claim accrued in 2019, the year Moqbel initially disputed the repossession that appeared on his credit reports. In response, Moqbel contends that the statute of limitations is "tolled by the discovery rule and concealment."[7] On balance though, a review of the record in this case shows that Moqbel discovered the alleged violation of the DTPA back in 2019 when he initially discovered the damage to his credit report, and Moqbel offers no argument indicating how he failed to discover the alleged injury until 2023, the latest year in which Moqbel's DTPA claim could have survived the applicable statute of limitations. Accordingly, the Court finds that Moqbel's DTPA claim is time barred.

---

[6] Considering the Court's finding that Moqbel's defamation claim is time barred, the Court declines to consider Truist's arguments related to preemption or pleading sufficency.

[7] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss First Amended Complaint*, Document No. 17 at 7.

Based on the foregoing, the Court finds that Truist's motion to dismiss should be granted. Considering the Court's finding that no claims remain against Truist in this matter, the Court need not reach the merits of the remaining motions and finds that they should be denied as moot.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 13) is **GRANTED**. The Court further

**ORDERS** that Defendant's Motion to Strike (Document No. 21) is **DENIED AS MOOT**. The Court further

**ORDERS** that *Pro Se* Plaintiff's Motion for Reconsideration of Court's Order on Plaintiff's Motion for Leave to File a Second Amended Complaint Out of Time (Document No. 22) is **DENIED AS MOOT**. The Court further

**ORDERS** that Plaintiff Omar Awad Moqbel's claims against Defendant Truist Bank are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __8__ day of July, 2025.

_____
DAVID HITTNER
United States District Judge